**UNITED STATES of America, Plaintiff,**

v.

**Humberto PEREZ, Defendant.**

**No. 87–806–CR.**

United States District Court,
S.D. Florida,
Miami Division.

Aug. 4, 1988.

James McAdams, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Frank Rubino, Steven Kollin, Leonard Cooperman, Brett Panter, Stephen LeClair, Raymond Takiff, Terrence McWilliams, and David Russell, Miami, Fla., for defendant.

## ORDER AND
## MEMORANDUM OPINION

SPELLMAN, District Judge.

THIS CAUSE is before the Court upon the filing of a Report and Recommendation by United States Magistrate Linnea R. Johnson, on Plaintiff's Motion to Disqualify, and upon Defendant HUMBERTO PEREZ' objection to the Magistrate's Report.

Accordingly, upon the Defendant's objections to the Magistrate's Report and Recommendation and upon the Court's *de novo* review of the record, the Court agrees with the Magistrate that Mr. Rubino be disqualified from further representation of the Defendant. It is therefore,

ORDERED AND ADJUDGED that the Magistrate's Report and Recommendation be and the same is accepted, adopted and made a part hereof as this Court's Order and Memorandum Opinion. It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion to Disqualify be and the same is hereby GRANTED. Defendant's counsel, Frank Rubino, be and he is hereby disqualified to serve as counsel for HUMBERTO PEREZ, and said Defendant is hereby ORDERED to secure substitute counsel within thirty days from the entry of this Order. The trial date of January 1989 shall remain in full force and effect regardless of this Order.

## REPORT AND RECOMMENDATION

LINNEA R. JOHNSON, United States Magistrate.

The UNITED STATES OF AMERICA has moved to disqualify Frank A. Rubino, Esquire, as counsel for Defendant, HUMBERTO PEREZ. The Honorable Eugene P. Spellman, United States District Judge, referred the Motion to Disqualify on June 2, 1988, to Linnea R. Johnson, United States Magistrate for Report and Recommendation.

A hearing on the motion was held on June 28, 1988.

### Findings of Facts

On May 16, 1988, the government moved to disqualify Mr. Rubino from representation of Defendant, HUMBERTO PEREZ. On June 13, 1988, the Defendant filed his Answer in Opposition with Supporting Affidavits. On May 27, 1988, the government filed its reply to Defendant's response. In further support of its position, the government filed two supporting affidavits in open court on June 28, 1988.

By way of summary, the government's position is that Mr. Rubino should be disqualified from representation of the Defendant because Mr. Rubino had previously represented Nelson Bacallo, a former defendant, and now "star" government witness. This case, affectionately known as operation Sno White had its inception in an ill-fated state prosecution some eight years ago. There, Mr. Rubino represented HUMBERTO PEREZ.

The remodeled case surfaced next in the District of Arizona in 1985. In the Arizona case which resulted in a mistrial and several appeals, Mr. Rubino represented Nelson Bacallo. MR. PEREZ was not a Defendant in the Arizona case. Prior to the instant indictment, Mr. Rubino represented ten (10) grand jury targets including Nelson Bacallo. In those early proceedings, the government expressed to Mr. Rubino its concern as to a conflict of interest.

In November 1987, a federal grand jury, sitting in Miami, Florida, returned its first Sno White Indictment charging Nelson Bacallo. Shortly after his indictment, Mr. Bacallo requested of his attorney, Mr. Rubino, that he enter into negotiations with the government seeking leniency in exchange for cooperation. Mr. Rubino refused and withdrew as counsel of record. Mr. Bacallo obtained new counsel and quickly entered into a negotiated plea and has now risen to the level of "star" government witness. Through the testimony of Nelson Bacallo and other evidence, the government obtained the instant superseding indictment against, among others, HUMBERTO PEREZ.

Upon the initial appearance of Defendant PEREZ, Mr. Rubino files his appearance of record. At the bond hearing held at the initial appearance, Mr. Rubino addressed the strength of the government's evidence. In so doing, Mr. Rubino characterized his former client, Nelson Bacallo, as a murderer and one not worthy of belief.[1]

In a somewhat unrelated case known as the River Cops, the government sought to obtain the assistance of Regino Capiro through his wife, Anna Capiro. It was the position of the government that Regino Capiro could ultimately supply evidence which would be of assistance in gaining an indictment against Nelson Bacallo. During this effort, Mr. Rubino represented Anna Capiro. Since the arrest and cooperation of Nelson Bacallo, it has been determined that Mr. Rubino advised his former client, Bacallo, of the then ongoing efforts of the government to indict him.

It is the position of the government, that actual conflict has been demonstrated with the potential for more conflict as this cause progresses. The government asserts that disqualification is necessary to preserve the integrity of the judicial system.

It is the position of the Defendant that he is entitled to counsel of his choice under the sixth amendment; that he trusts no

---

1. The government disavows such knowledge and asserts that this disclosure must have been based upon attorney-client communication.

Mr. Rubino proffers that the information came to him by a government informant not Bacallo.

other attorney; that he waives any conflict or effective assistance claim now or in the future. Defense counsel urges that the government's motives in this motion are to remove him as counsel so as to "flip" MR. PEREZ. As an alternative to this drastic relief, the counsel for Defendant suggests that he will not personally cross-examine the "key" government witness, Bacallo, but rather enlist independent co-counsel to handle that portion of the trial.

### Legal Analysis

■ Disqualification orders are issued pursuant to the Court's inherent authority to take measures against unethical conduct occurring in connection with proceedings before it. The District Court finding will be reversed if clearly erroneous. *United States v. Hobson,* 672 F.2d 825 (11th Cir. 1982) *cert. den.* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). A defendant's Sixth Amendment right to counsel of his choice is not absolute. It must give way where there is a serious risk that the public confidence in our judicial system may be undermined. *Hobson, Id.* at 827. Accord *United States v. Garrett,* 727 F.2d 1003 (11th Cir.1984), aff'd 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).

■ In determining whether or not to disqualify trial counsel, the Court must balance two sixth amendment rights: (1) the qualified right to be represented by counsel of one's choice and (2) the right to a defense conducted by an attorney who is free of conflicts of interest. *Wheat v. United States,* — U.S. ——, 108 S.Ct. 1692, 1696, 100 L.Ed.2d 140 (1988). In the instant case, PEREZ has filed an affidavit and given testimony affirmatively waiving his attorney's conflict of interest. Defendant urges that this waiver forecloses any further judicial inquiry. "No such flat rule can be deduced from the Sixth Amendment presumption in favor of counsel of choice." *Wheat,* 108 S.Ct. at 1697.

The Court has an independent interest in ensuring that the integrity of the judicial system is preserved and that trials are conducted within the ethical standards to which we all adhere. Rule 44(c) Fed.R.

Crim.P.; *Cohen v. Hurley,* 366 U.S. 118, 81 S.Ct. 954, 6 L.Ed.2d 156 (1961). Accord *Wheat, supra,* 108 S.Ct. at 1697.

Rule 16(C), Local Rules for the United States District Court, Southern District of Florida has adopted and approved the ABA Code of Professional Responsibility. Canon 4 requires an attorney to preserve the confidences and secrets of a client. Ethical consideration 4–5 states that, "a lawyer should not use information acquired in the course of the representation of a client to the disadvantage of the client and a lawyer should not use, except with the consent of his client after full disclosure, such information for his own purposes."

Canon 5 requires that a lawyer exercise independent professional judgment on behalf of a client. Ethical consideration 5–16 authorizes multiple representations only where *both* clients consent after full explanation of the implications of common representation. Herein, Nelson Bacallo has expressedly objected to the representation. If Mr. Bacallo had not objected, the integrity of the system might adequately have been protected by the public record made at the hearing on this motion. *See United States v. Cunningham,* 672 F.2d 1064 (2nd Cir.1982), *cert. den.* 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984).

Canon 9 requires that a lawyer should avoid even the appearance of professional impropriety. The Eleventh Circuit has established a two prong test for disqualification of an attorney under Canon 9. First, "there must be at least a reasonable possibility that some specifically identifiable impropriety did in fact occur. Second, a Court must also find that the likelihood of public suspicion or obloquy outweighs the social interest which will be served by a lawyer's continued participation in a particular case." *United States v. Garrett,* 727 F.2d 1003 (11th Cir.1984), aff'd 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).

■ In the instant case, the government has demonstrated two occasions of identifiable impropriety and convincingly argues that further conflict and impropriety will undoubtedly occur when the government's

star witness, Bacallo, is subject to cross examination from his former attorney. Where, as in *United States v. James,* 708 F.2d 40 (2nd Cir.1983), the subject matter of the joint representation is the same, and as in *United States v. O'Malley,* 786 F.2d 786 (7th Cir.1986), the prior representation of the witness in the other litigation was extensive, the likelihood for further conflict is substantial and real. In successive representation, there must be a showing of "inconsistent interests." *Smith v. White,* 815 F.2d 1401 (11th Cir.1987) *cert. den.* — U.S. —, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Herein, the attorney's relationship with the witness was substantial and grew from the same criminal activity that is the subject of this indictment. The defendant has a right to conflict free, effective representation. The attorney's conduct must be guided by the Code of Professional Responsibility.

Considering these factors, it is clear that there is serious potential for conflict that may impede the trial and reflect upon the integrity of the judicial system. The government has demonstrated that inconsistent interests are present in this successive representation.

The suggested alternative of obtaining a pinch hitter to cross-examine Mr. Bacallo is uninviting. The strictures of the Code of Professional Responsibility does not support such an alternative. While Defendant maintains that his defense is not directed to an attack on Mr. Bacallo, it is clear that the witness is the lynch pin of the government's case against PEREZ. As the complexion of a case changes in trial so do defenses.

Accordingly, it is the recommendation of the undersigned that the government's Motion to Disqualify be GRANTED.

The parties will have ten (10) days from the date of this Report and Recommendation in which to serve and file written objections, if any, with The Honorable Eugene P. Spellman, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein.

*See LoConte v. Dugger,* 847 F.2d 745, 749–80 (11th Cir.1988).

RESPECTFULLY SUBMITTED in Chambers, at Miami, Dade County, Florida, this 20 day of July 1988.